SUPERIOR COURT OF BUFFALO. November Criminal Term, 1854.
*George W. Clinton*, Justice, presiding.

## THE PEOPLE *v.* THOMAS O'BRIEN.*

It is very questionable whether surprise, founded on a mistake in law, can be a ground for a new trial. It cannot be where it arose solely from the negligence of the moving party.

Where the defendant had been convicted of keeping a disorderly house, and on motion for a new trial, it appeared from his affidavits that the conviction was had solely upon evidence that his *tenant* of the basement kept that part of the house in a disorderly manner; that he, the defendant, occupied the floor above, and supposed he was only required to defend, as he did, the character of the part occupied by himself, and the affidavits did not show that he had, but left the inference that he had not, disclosed all the facts to his counsel, and did not show that he had discovered any material evidence not before known to him and within his reach: *Held*, that he was not entitled to a new trial.

It seems that the Superior Court of Buffalo has power to grant a new trial to a defendant convicted of a misdemeanor, either on the judge's minutes at the same term at which he was convicted, or on a case at the general term.

MOTION for a new trial. The defendant had been convicted at the last September criminal term, Justice Houghton presiding, of keeping a disorderly house, and, upon affidavits including his own, applied for a new trial. It was shown by the affidavits that he occupied the first floor of a house and his tenant the basement, and that he supposed he would be called upon to defend the character of the first floor only, and that the conviction was had only upon evidence that the basement was kept in a disorderly manner. The affidavits also stated facts tending to ·show that he was not guilty of the disorderly keeping of the cellar, or accessory to it.

————, for the defendant.

*A. Sawin* (District Attorney), for the People.

* The Reporter considers the following cases, decided by the Superior Court of Buffalo, a valuable addition to the volume. Some of them had been already in part prepared for publication, by Francis E. Cornwell, Esq., of Buffalo, when they came to the Reporter's hands.

The People *v.* O'Brien.

*By the Court,* CLINTON, J.   The application is solely on the ground of surprise, and not on the merits.   The defendant does not claim that he has newly discovered material evidence, nor that the verdict was not founded on sufficient evidence. He says, in effect, that he misunderstood the extent of the charge, and that, had he known its full extent—had he supposed that he could be convicted of keeping the cellar—he could and would have exonerated himself by proving the facts which have been sworn to on this application.   Assuming that the Superior Court has power to entertain this application, and that it is properly made here, instead of to the general term, there are two objections to granting the motion.

In the first place, the alleged surprise is based upon the defendant's mistake of law, and it is, at the least, very questionable, whether such a mistake can ever constitute surprise.  But, assuming that it may, the defendant ought not to have any advantage of it, if it arose solely from his own negligence. The first duty of a client is to state his case fully to his counsel; and it is, in general, the duty of counsel to probe the case of his client to the bottom.   Can it be doubted that, if the defendant had used due care and fullness in communicating the case to his counsel, or, if his counsel had done his duty in probing the case, the defendant would have known that the facts now spread before us were material to be proven on the trial. That the defendant, or his counsel, were guilty of laches in preparing the cause, cannot be ground for disturbing the verdict.   Here, however, the party does not complain of his counsel.   He does not aver that he was wrongly advised, nor that he was not fully advised upon his statement of the case to counsel, nor, in fact, that he ever took the advice of counsel. Upon the facts before us we must conclude, either that he carelessly misled counsel, or that, without any disclosure of the case to counsel, and upon his own responsibility, he rushed rashly before the jury for trial, "like a horse into the battle." He must bear the consequences, or no conviction can stand.

But, aside from this, there remains the fatal objection that the evidence adduced on the trial is not before us.   Taking for

The People *v.* O'Brien.

granted the facts set forth in the affidavits, we cannot say but that the conviction was perfectly warranted by the evidence despite their existence. This power of granting new trials in criminal cases, for causes other than error or irregularity, if the power exists at all, is one that should be exercised with the greatest circumspection. Where the application is founded upon newly discovered evidence, or the non-introduction of evidence through surprise, or upon surprise by false evidence, it seems to me that there can be but very few cases, if any, in which a new trial can safely be granted without a deliberate and full examination of the testimony below. The court ought to be convinced that the verdict would have been, or might properly have been, the other way, but for the surprise, or if the newly discovered evidence had been adduced.

Especially is a case requisite where, containing the evidence, as here, the application is to a tribunal differently constituted from that before which the trial was had. The defendant must show that the verdict below would have been against law or evidence, if the testimony disclosed by his affidavits had been produced before the jury, and he can show this only by a case regularly settled, unless the case is waived or a substitute adopted by the parties. (7 *Wend.*, 331.)

Having arrived at these conclusions, it is not necessary to pass upon the other questions which were raised upon the argument, and the motion must be denied. But I deem it proper to add that the strong impression I entertained against the existence of a power in the Superior Court to grant a new trial upon the merits in a case of conviction for a misdemeanor, has been very much shaken; and to add my impression that the motion ought not to be entertained, unless it be made upon the minutes of the court at the term at which the conviction was had, or upon a case at the general term.

Motion denied.